IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENJAMIN LAMONT ROBERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-CV-564-P |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, by Petitioner, Benjamin Lamont Roberson, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In his petition, Petitioner challenges a 2018 disciplinary proceeding conducted at FCI-Memphis and the resultant sanctions. Pet. 2, ECF No. 1. Petitioner was charged in Incident Report No. 3130803 with possession of a hazardous tool (a cell phone), a code 108 violation, and destroying/disposing of any item during a search, a code 115 violation. Resp't's App. 12, ECF No. 11. The incident report alleged the following:

> On 06/02/2018, at 10:45 pm, I was observing the day room of C-dorm while officer Danner was conducting a search of the area and pat searches of the inmates. I observed inmate Roberson, B. #25945-001 run out the front door of the day room. I followed him in time to observe him throw an unknown object

> down towards the side of C-unit. I remained standing in my location and observed inmate Roberson return back inside C-dorm. I, then, immediately conducted a search of the area where I saw inmate Roberson throw the object. I recovered a black LG cell phone with magnets attached on the back. I observed the area from the time I saw inmate Roberson discard the object until I recovered the cell phone. No one else was in the area before I discovered the phone and departed. I, then, returned back to C-dorm and escorted inmate Roberson to the visiting area and then the holding cell. This Incident Report is a re-write from 06-02-2018 at 11:00PM.

*Id.*

The record reflects that Petitioner received advance notice of the charges, was advised of his rights, and attended a disciplinary hearing on June 28, 2018, after which the disciplinary hearing officer (DHO) found that Petitioner committed the violation. *Id.* at 21. During the hearing, Petitioner waived his rights to have staff representation and to call witnesses, denied the charges, and gave a statement. He had no documentary evidence to present. *Id.* The DHO based his decision on the "greater weight" of the evidence, which included the reporting officer's eyewitness statement and photographs of the cell phone. *Id.* at 23. The DHO's sanctions included the loss of 41 days of good-time credit, 30 days of disciplinary segregation, and 180 days' loss of commissary, phone, and visitation privileges. *Id.* Petitioner received a copy of the DHO's findings on August 6, 2018. *Id.* Following the disciplinary proceeding, Petitioner was transferred to FMC-Fort Worth, a higher security prison. *Id.* at 6-7.

**II. ISSUES**

Petitioner raises two grounds for relief. Under his first ground, he claims that, in violation of the Fifth Amendment and Program Statement 5270.09, he was denied due process during the disciplinary proceedings in the following respects (any spelling, grammatical, and/or punctuation errors are in the original):

(1) The officer wrote an incident report alleging that [Petitioner] personally violated institution policies and procedures by having a cell phone. However, the officer never saw [Petitioner] with a cell phone, never confiscated a cell phone from [Petitioner], never provided [Petitioner] with a confiscation slip for contraband, and never verified any contacts in the cell phone to match [Petitioner]'s contacts on his institution verified phone list.

(2) The officer alleged to have found the cell phone in a common area outside the institution, and since [Petitioner] was seen coming in or out of the unit, he assumed the cell phone was [Petitioner]'s.

(3) The officer originally wrote the incident report on June 1, 2018. Then re-wrote (without the Warden's permission) another incident report on June 2, 2018 changing the alleged incident. Then re-wrote (without the Warden's permission) another incident report on on June 2, 2018. The third incident report was not delivered to [Petitioner] until, 20 days later on June 22, 2018 in violation of § 541.5(a), and no investigation report was ever attached to establish any authorized delays (and the incident placed before the UDC and DHO was not delivered in accordance to policies and procedures).

(4) The UDC must review the incident report within five work days after it was issued with the inmate. This was not done. [The Incident Report] was issued on June 2, 2018, and the UDC did not review it with [Petitioner] until June 28, 2018. A direct violation of his due process. Further, the UDC did not seek or obtain permission from the Warden for the delay.

(5) The UDC failed to provide [Petitioner] with a written report of it's findings and/or recommendations.

3

Pet'r's Mem.[1] 4-5, ECF No. 1.

Under his second ground, Petitioner claims that there was no evidence linking him to the cell phone. *Id.* at 7-12; Pet'r's Reply 3-6, ECF No. 12. According to Petitioner, the incident report is false, he had no knowledge of the cell phone or how to operate the particular cell phone, and the cell phone was found in a common area that he had no control or dominion over.

**III. DISCUSSION**

Federal habeas relief can be had only where the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *See Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000). With regard to disciplinary segregation, temporary commissary, phone, and visitation restrictions, and transfer to a higher security prison, all of which do not challenge the fact or duration of Petitioner's confinement, no protected due process liberty interest is implicated. *See Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Kentucky Dept. of Corrs. v. Thompson,* 490 U.S. 454, 464-65 (1989); *Olim v. Wakinekona,* 461 U.S. 238, 244-45 (1983); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Ghiotto v. Cockrell,* No. 3:01-CV-807-L, 2003 WL 21467567, at *1 (N.D. Tex. June 23, 2003). Accordingly, to the extent that he complains of those sanctions and his transfer to another institution, he fails to state a claim for due-process violations.

---

[1] Petitioner's memorandum in support of his petition is attached to the form petition. Thus, both documents are referenced as ECF No. 1 and the pagination in the ECF header is used.

Similarly, to the extent that Petitioner complains that prison officials failed to conduct an investigation into the incident prior to the disciplinary hearing and that the proceeding violated certain rules, policies, and regulations of the Bureau of Prisons, he fails to state a claim for due-process violations. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). (providing "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Moles v. Holt,* 221 Fed. App'x 92, 96, 2007 WL 869038, at *3 (3d Cir. Mar. 23, 2007) (providing the "failure to conduct a prompt and thorough investigation prior to a disciplinary hearing does not rise to the level of a due process violation"). Nor does he show any constitutionally protected right implicated by the alleged inaccuracies in the incident reports.

On the other hand, where a prison disciplinary hearing results in the loss of good-time credits, which will result in a prisoner's confinement being extended, constitutional due process requires that the inmate receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). "Some evidence" in support of the DHO's decision is all that is required. *Hill,* 472 U.S. at 455. A federal court need not examine the entire record, assess

independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A federal court may act only where arbitrary or capricious action is shown–*i.e.,* "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). An officer's incident report, standing alone, is sufficient to constitute some evidence in support of the guilty determination. *Hill*, 472 U.S. at 454.

Here, Petitioner received all the process he was due. Under these circumstances, this Court is not free to retry the disciplinary charges. The dictates of *Wolff* were met in this case, and the DHO's findings were not unfounded, arbitrary or capricious.

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a

showing that reasonable jurists would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

**SO ORDERED** on this 14th day of April, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE